IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**BRYAN B.,**[1]

    Plaintiff,

v.

**COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,**

    Defendant.

Civ. No. 3:20-cv-01720-MC

**OPINION AND ORDER**

**MCSHANE, Judge**:

Plaintiff Bryan B. brings this action for judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act. This Court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3).

Plaintiff alleges that the Administrative Law Judge ("ALJ") and the Appeals Council erred by finding Plaintiff has performed substantial gainful activity ("SGA"). Because Plaintiff's employment was a series of unsuccessful work attempts, the Commission's decision is REVERSED and this matter is REMANDED for further proceedings.

//

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party in this case and any immediate family members of that party.

1 – OPINION AND ORDER

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff applied for SSI on July 7, 2017 and for DIB on July 28, 2017, alleging disability since March 15, 2016. Tr. 5, 41, 88. Plaintiff later amended his alleged onset date to January 1, 2016. Tr. 256. Both claims were denied initially and upon reconsideration. Tr. 49, 58, 70, 81. Plaintiff requested a hearing before an ALJ and appeared before the Honorable Caroline Siderius on March 27, 2019. Tr. 12–40. Because Plaintiff was able to return to full time work, December 16, 2107, Plaintiff asked for a period of closed disability, from January 1, 2016 to December 15, 2017. Tr. 256. The ALJ found Plaintiff was not disabled from January 1, 2016 to November 30, 2017. Tr. 91. Plaintiff sought review from the Appeals Council. Tr. 159–61. The Appeals Council granted review and issued an opinion adopting the ALJ's findings and conclusions, except for the period at issue. Tr. 4. The Appeals Council found Plaintiff not disabled from January 1, 2016 to June 11, 2019. Tr. 5. Plaintiff now seeks judicial review of the Appeals Council's decision.

## STANDARD OF REVIEW

The reviewing court shall affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. *See* 42 U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021) (reaffirming the substantial evidence standard in social security cases). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial

2 – OPINION AND ORDER

evidence exists, the court reviews the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion. *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989) (citing *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986)). "'If the evidence can reasonably support either affirming or reversing,' the reviewing court 'may not substitute its judgment' for that of the Commissioner." *Gutierrez v. Comm'r of Soc. Sec. Admin.*, 740 F.3d 519, 523 (9th Cir. 2014) (quoting *Reddick v. Chater*, 157 F.3d 715, 720–21 (9th Cir. 1996)).

## DISCUSSION

The Social Security Administration utilizes a five-step sequential evaluation to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) (2012). The burden of proof rests on the claimant for steps one through four, and on the Commissioner for step five. *Bustamante v. Massanari*, 262 F.3d 949, 953–54 (9th Cir. 2001) (citing *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)). At step five, the Commissioner's burden is to demonstrate that the claimant can make an adjustment to other work existing in significant numbers in the national economy after considering the claimant's residual functional capacity ("RFC"), age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If the Commissioner fails to meet this burden, then the claimant is considered disabled. *Id.*

At step one, an ALJ must determine if a claimant is performing substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled, regardless of their medical condition, age, or work experience. 20 C.F.R. § 404.1520(b). Here, the Appeals Council and the ALJ found Plaintiff was not disabled during the alleged closed period of disability because there was no continuous twelve-month period during which Plaintiff had not engaged in

3 – OPINION AND ORDER

SGA. Tr. 90–91; *see* 20 C.F.R. § 404.1505 ("The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.").

From September 2016 to April 2017, Plaintiff worked as a forklift driver and then as a shop repairman. Pl.'s Br. 5. It is undisputed that Plaintiff's earnings during these months exceeded the level for presumptive SGA. Tr. 183–84, 258, 261–63. Plaintiff argues that this work experience should be considered two successive unsuccessful work attempts. Pl.'s Br. 4–9.

When a claimant attempts to work but is forced to stop due to their impairment, this is considered an unsuccessful work attempt and will not show that the claimant is able to do SGA. 20 C.F.R. §§ 404.1574(a)(1), 416.974(a)(1). An unsuccessful work attempt is a period of six months or less of work that comes after "a significant break in the continuity of . . . work." 20 C.F.R. §§ 404.1574(c), 416.974(c). "Prior work [is] 'discontinued' for a significant period if [the claimant was] out of work at least 30 consecutive days," or when the claimant was "forced to change to another type of work or another employer" due to their impairment. 20 C.F.R. §§ 404.1574(c)(2), 416.974(c)(2). The work must end or be reduced to below SGA levels either due to the claimant's impairment or "because of the removal of special conditions that took into account [their] impairment and permitted [them] to work." 20 C.F.R. §§ 404.1574(c)(3), 416.974(c)(3).

Defendant argues that Plaintiff's work can not be an unsuccessful work attempt because he worked for eight months for the same employer and there was not a significant break in the continuity of work. Def.'s Br. 3–4, ECF No. 14; *see* 20 C.F.R. §§ 404.1574(c)(4) 416.974(c)(4)

(work performed at SGA level for more than six months is not an unsuccessful work attempt "regardless of why it ended"). Plaintiff maintains that his prior work was discontinued due to his impairment when he was forced to stop work as a forklift driver and transferred to part-time work as a shop repairman. Pl.'s Br. 9. The Court agrees.

Plaintiff worked full-time until January 2016. Tr. 23. In January 2016, Plaintiff went to the doctor to have a diabetic ulcer treated; it was then discovered that Plaintiff had Charcot foot and needed surgery. Tr. 24, 431, 489–92. In September 2016, Plaintiff returned to work with a riding boot on his foot and "tried to drive a forklift." Tr. 24. In early November 2016, his doctor noted that his March 2016 foot reconstruction "appears to be healing well but unfortunately the hundfoot/subtalar joint has collapsed and failed." Tr. 425. Plaintiff reported at that time that he "now [had an] assistant at work to help him stay in [the] fork-lift." Tr. 425. Plaintiff testified that his employer was very accommodating. Tr. 25. However, at the end of November 2016, Plaintiff's company transferred him to working in the shop, fixing equipment. Tr. 25–26; *see* tr. 395 ("Despite time, symptoms persist, limiting ambulation thus limiting ability to work."). By March 2017, Plaintiff's foot was bothering him so much that he returned to his doctor, who found it was infected. Tr. 27. Plaintiff's doctor noted his "history of a Charcot right foot and now complications from that attempt at extended triple arthrodesis with hardware failure, loosening, and neuropathic collapse in the ankle" and recommended "a two stage approach to his reconstruction". Tr. 549. Plaintiff underwent multiple surgeries and was able to return to work in December of 2017. Tr. 27–28, 314, 544, 548, 552–56, 557–58, 559–61, 562–64.

Plaintiff's work as a forklift driver was an unsuccessful work attempt. Plaintiff was out of work for more than thirty consecutive days prior. His attempt lasted less than six months, from

September to November 2016. He was unable to continue driving a forklift because of his impairments. Tr. 395, 425.

Plaintiff's subsequent work as a shop repairman was also an unsuccessful work attempt. Plaintiff was "forced to change to another type of work because of his impairment." As the ALJ acknowledged in the hearing, Plaintiff was "put in the shop because he can't do the forklift work." Tr. 30. The attempt lasted less than six months, from November or December 2016 to March 2017. And, as the ALJ recognized, by March 2017, Plaintiff was unable to do the shop work any longer. Tr. 30. Medical records show that Plaintiff's impairments had worsened and he required additional surgery. Tr. 549.

## CONCLUSION

The Appeals Council and the ALJ erred by not considering Plaintiff's work experience to be unsuccessful work attempts. The Commissioner's final decision is REVERSED and this matter is REMANDED for further proceedings.

IT IS SO ORDERED.

DATED this 21st day of March, 2022.

s/ Michael J. McShane
Michael J. McShane
United States District Judge